WRIGHT *v.* O'BRIEN, Atty. Gen., *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

CHARITIES—CHARITABLE BEQUESTS—PROCEEDINGS TO AVOID—PARTIES.

Where, under a residuary bequest "to my executrices in trust, to be by them distributed among not less than five charitable institutions of the city of New York, in such sums and to such institutions as they may in their judgment decide," the executrix has made appointments to certain charitable institutions, no final judgment should be rendered declaring the bequest invalid until such appointees have been made parties, and given their day in court.

Appeal from special term, Kings county; WILLARD BARTLETT, Justice.

This was an action by Jane Wright, as executrix of the will of Harriet Flint, deceased, against Dennis O'Brien, attorney general, "John Doe, Rich-

ard Roe, and others, the heirs and next of kin of Harriet Flint," for a construction of the will. After making certain specific bequests the testatrix, in the sixth clause of her will, provided as follows: "I give and bequeath all the rest, residue, and remainder of my estate to my executrices in trust, to be by them distributed among not less than five charitable institutions of the city of New York, in such sums and to such institutions as they may in their judgment decide." Under the power given by this clause the acting executrix designated as donees the "Society for the Relief of the Destitute Blind," the "Home for Incurables," the "New York Institution for the Blind," the "New York Society for the Relief of the Ruptured and Crippled," "The Sheltering Arms," and the "Methodist Episcopal Church Home." None of these institutions were made parties to this action. The court (BARTLETT, J.,) delivered an opinion holding that this sixth clause was invalid by reason of the indefiniteness of the beneficiaries, and decreeing that as to the residuary estate the testatrix must be deemed to have died intestate. The executrix appeals.

*E. H. Stickland*, for appellant.    *Chas. F. Tabor*, for the Attorney General.

PRATT, J. We are inclined to think that it would be proper for us to affirm this judgment upon the opinion of Mr. Justice BARTLETT; but, since the executrix has made designations within the letter of her alleged power of appointment, we think it will be unwise to formally decide the point until these appointees have been notified, and the record shall show that they have had their day in court. True, the executrix represents them, in a certain sense; perhaps to such an extent that they are and will be bound by the judgment. But, in view of all the circumstances, we think the ends of justice will be more wisely served if we direct that these appointees be made parties to the action before we finally dispose of the case. And, lest there may be some technical objection to their being heard, arising out of their privity with plaintiff as their trustee, we think it wiser that there should be no judgment until they are brought in. We will therefore technically reverse the judgment, and order a new trial, to the end that these appointees may be brought in and heard; recommending that the testimony heretofore taken which was deemed immaterial should be again presented, not because we deem it material, but to the end that every possible view of and interest in the case may be fully presented by the only parties who might be affected by our final decision.